IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL L. JOHNSON, AP-2785, )
    Petitioner, )
     )
    v. ) Civil Action No. 07-1725
     )
DAVID DIGUGLIELMO, et al., )
    Respondents. )

Opinion and Order

Mitchell, M.J.:

    Carl L. Johnson has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and a certificate of appealability will be denied as no reasonable jurist could conclude that there is a basis for appeal. An appropriate order will be entered.

    Carl L. Johnson, an inmate at the State Correctional Institution at Graterford has presented a petition for a writ of habeas corpus. In an order entered on January 8, 2008, the respondents and the Pennsylvania Board of Probation and Parole were directed to respond and show cause, if any, why the relief sought should not be granted.

    Johnson was originally convicted of robbery, kidnaping and conspiracy at No. CC 76008723A in the Court of Common Pleas of Allegheny County, Pennsylvania. On July 26,, 1977 and November 21, 1977 he was sentenced to a twenty-five to fifty year period of incarceration, with an minimum expiration date of July 23, 2001 and a maximum sentence

expiration date of July 23, 2026.[1] On August 26, 2002, the petitioner was released on parole.[2] Johnson was rearrested on March 12, 2007 upon his admission to abusing controlled substances.[3] On April 11, 2007 he was recommitted as a technical parole violator to serve nine months backtime as a result of his drug use.[4] At that time his parole maximum expiration date was incorrectly reported as July 23, 2006.[5] On May 15, 2007, his maximum parole date was corrected to read July 23, 2026.[6]

In his petition, Johnson contends that at the time he reported to his parole officer he was assured that he would be placed in a rehabilitation program and permitted to continue his current employment. When that officer left the room, the petitioner contends he was shackled and transported to the State Correctional Institution at Greene. He further contends that when he was asked to sign a waiver of preliminary violation hearing he did so, but was unaware of the fact that he was also waiving his final violation hearing. Following being informed of the April 11, 2007 determination, he requested administrative relief; that despite informing the officials that he was being transferred to the State Correctional Institution at Graterford, his parole determination was mailed to Graterford and was not received by him until June 1, 2007; that upon receiving that determination he submitted a "Petition for a Writ of Mandamus" to the Commonwealth Court;

---

[1] See: Petition at ¶ 12 and Exhibit A to the response of the Commonwealth.

[2] See: Exhibit A to the response of the Commonwealth.

[3] See: Petition at ¶ 12.

[4] See: Exhibit B to the response.

[5] Id.

[6] See: exhibit C to the response.

that on June 21, 2007, the Commonwealth Court dismissed the petition as having been submitted to its original jurisdiction rather than its appellate jurisdiction and leave to appeal to the Pennsylvania Supreme Court was denied on October 26, 2007.[7] The instant petition was executed on December 17, 2007, and in it, Johnson contends he is entitled to relief on the following grounds:

> 1. He was denied due process in that the waiver he executed was not knowingly entered.
>
> 2. He was denied due process when parole agents erroneously assured him that he would be placed in the Back on Track program which resulted in his execution of the waivers and his incarceration.
>
> 3. He was denied due process when the Board erroneously stated his maximum release date was July 23, 2006 and without authority subsequently corrected it to July 23, 2026.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would

---

[7] See: Attachment 6 to the answer.

3

be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a

4

federal habeas court may not issue the writ simply because that court concludes in
its independent judgment that the relevant state-court decision applied clearly
established federal law erroneously or incorrectly. Rather, that application must
also be unreasonable." The Court in Williams v. Taylor made it clear that the
"contrary to" and "unreasonable application" clauses have independent meaning.

In the instant case, the petitioner incorrectly appealed the Board's decision to the Commonwealth Court in its original jurisdiction capacity rather than in its appellate jurisdiction. Specifically in his "Petition for Writ of and/or Complaint in Mandamus", executed on June 1, 2007, Johnson invokes the Commonwealth Court's jurisdiction pursuant to 42 Pa.C.S.A. 761.[8] As the Commonwealth Court noted in its June 21, 2007 Order:

> upon consideration of the petition for review, in which petitioner raises a due process challenge in connection with the revocation of his parole and imposition of backtime, such an action is *properly brought in this court's appellate jurisdiction ... and this court's original jurisdiction cannot be used to revive lapsed appeal rights ...* Accordingly, the petition for review is dismissed for lack of original jurisdiction (emphasis added).[9]

The Commonwealth Court of Pennsylvania is vested with both original jurisdiction involving civil actions against the Commonwealth or by the Commonwealth, 42 Pa.C.S.A. 761, and appellate jurisdiction involving appeals from governmental agencies, 42 Pa.C.S.A. 763. It would appear that the petitioner incorrectly filed within the original jurisdiction of that court thereby in essence filing in the wrong division of that court. While there is nothing in the record demonstrating when Johnson filed his appeal, the fact that he was appealing from an Order entered on May 23, 2007, and the dismissal by the Commonwealth Court occurred on June 21, 2007, clearly demonstrates that his appeal was taken within the thirty days authorized by Rule

---

[8] See: Exhibit 8 to the petition.

[9] See: Attachment 5 to the answer.

5

903, Pa.R.App.P.

The argument that the matter was filed within the court's original jurisdiction rather than its appellate jurisdiction appears to exalt form over substance since the pro se petitioner clearly filed in the correct court and at worst did so within an improper division of that court. For this reason, we conclude that the petitioner has exhausted the administrative remedies available to him; that his petition is properly before this Court and that it should be reviewed on its merits.

The first issue which the petitioner raises is that the waiver form which he signed was not knowingly executed. Specifically, he directs our attention to the form he signed on March 16, 2007.[10] The first portion of that form contains a "Waiver of violation Hearing and Admission Form" which provides,

> I have been advised of my constitutional right to a preliminary hearing and a violation hearing. With full knowledge and understanding of my constitutional right to a preliminary hearing and a violation hearing, I hereby waive that right. I waive this right of my own free will, without promise, threat or coercion

In addition, as part of that document Johnson waived his right to a panel hearing. Interestingly enough, the portion of that form requesting a panel hearing is left blank. That form is signed by the petitioner and Brian Wittik and dated March 16, 2007. In his declaration, Wittik sets forth that he witnessed the petitioner signing all parts of the form; that in presenting the form to inmates it is his practice to explain the form, and that he has no reason to belief he did not explain it to the petitioner.[11] In a contrary manner, the petitioner argues that he was unaware of the implications of executing the form, and that it was his belief that by doing so he would gain

---

[10] See: Exhibit 2, Attachment 3 to the petition or Exhibits A and B to Attachment 4 to the answer.

[11] See: Wittik declaration which is Attachment 4 to the answer.

his release from custody.

No objection on the part of the petitioner occurred until he learned in a notice mailed on May 4, 2007, that the Board had determined to recommit him as a technical parole violation for a period of nine months based on his own admission. That same form indicated that the petitioner would be subject to further consideration in or after December 2007, and mistakenly listed his maximum parole date as July 23, 2006.[12] Thus, the petitioner seeks to argue here that his waiver was not knowingly entered into.

In Prebella v. Pennsylvania Board of Probation and Parole, 2008 WL 351288 (Pa.Cmwlth), a case that is factually very similar to the present case, the petitioner contented that his execution of the waiver notices denied him due process in that his signing was unlawfully induced by promises that he would be placed in a half-way or back–on-track-program. In denying Prebella's claim, the Court noted

> Pennsylvania law clearly supports the type of waivers executed here. In order to effectuate a knowing and voluntary waiver in Parole Board cases, all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form.

2008 WL 351288 *4. Not only has such a showing been made here, but the presumption of correctness which attaches to state factual findings is not contradicted here. Affinity v. Hendricks, 366 F.3d 252 (3d Cir. 2004), cert. denied 543 U.S. 1057 (2005). Accordingly, this claim does not provide a basis for relief.

The second issue which the petitioner raises is that he was assured that he would be placed in the Back on Track program rather than being incarcerated, and that this representation

---

[12] See: Exhibit 4 to the petition or Exhibit B to the answer.

induced him to waive his rights. By Johnson's own admission he was "told that 'back on track' program would be recommended and given to me."[13] That is, he received no more assurance than that a recommendation for his participation in the program would be made. As observed above, there is nothing which contradicts this conclusion, and for this reason, it does not provide a basis for relief. <u>Affinity v. Hendricks</u>, <u>supra.</u>

Finally, the petitioner argues that the Board lost jurisdiction over him as of July 23, 2006 as set forth in the decision of April 11, 2007, and that the Board was without authority to correct the maximum date to July 23, 2026 as it did in its decision of May 15, 2007. This claim is totally specious in that if we follow the petitioner's reasoning, the Board would have also lacked authority to issue its April 11, 2007 determination . Rather, the Board promptly acted to correct the clerical error as it has authority to do. <u>Lord v. Pennsylvania Board of Probation and Parole</u>, 580 A.2d 463 (1990), appeal denied 528 Pa.619 (1991)..

Thus, the arguments which the petitioner raises here are meritless, and for this reason his petition for a writ of habeas corpus will be dismissed and because no reasonable jurist could conclude that there is a basis for appeal, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[13] See: Attachment 5 to the petition or Exhibit B to the Wittik declaration

ORDER

AND NOW, this 26th day of February, 2008, for the reasons set forth in the foregoing Opinion, the petition of Carl L. Johnson for a writ of habeas corpus is dismissed and because no reasonable jurist could conclude that there is a basis for appeal, a certificate of appealability is denied.

                                                                                  s/Robert C. Mitchell,
                                                                                  United States Magistrate Judge